IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03242-WJM-KLM

WARAD WEST LLC, and
ANTHONY CAFORIO,

      Plaintiffs,

v.

SORIN CRM USA INC.,
SORIN GROUP USA INC.,
SORIN GROUP ITALIA SRL, and
SORIN SPA,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Stay Discovery Pending Resolution of Motions to Dismiss** [#21] (the "Motion").  Plaintiffs filed a Response [#27] in opposition to the Motion, and Defendants filed a Reply [#33].  Defendants ask the Court to stay discovery pending resolution of Defendants Sorin CRM USA, Inc. and Sorin Group USA, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [#16], filed February 23, 2015, and Defendant Sorin Group Italia, S.r.L. and Sorin S.p.A.'s Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) [#18], filed March 6, 2015.  For the reasons stated below, the Court **GRANTS** the Motion [#21].

This Court has long noted that the Federal Rules of Civil Procedure do not explicitly provide for a stay of proceedings in a lawsuit. *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006).  However, the Court has construed Fed. R. Civ. P. 26(c) to permit a stay of discovery "for good cause, to

protect a party from undue burden or expense," especially when dispositive motions are pending. *Id.* The party who seeks a stay of discovery has the burden of demonstrating good cause, and "cannot sustain that burden by offering simply conclusory statements." *Tr. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colorado Springs,* No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at \*4 (D. Colo. May 11, 2010). Generally, the Court requires a "particular and specific demonstration of fact" in support of a request for a stay. *Id.*; *see also Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at \*1 (D. Colo. Feb. 10, 2011). In the context of ruling on a motion to stay, the Tenth Circuit Court of Appeals stated almost thirty years ago that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983). Hence, it has long been recognized that stays are generally disfavored in this district, although the decision to grant or deny them invokes the discretion of the Court under the circumstances at issue. *See, e.g., id.*

Precedent amply demonstrates that the Court has broad discretion to stay an action when a dispositive motion is pending. *String Cheese Incident, LLC,* 2006 WL 894955 at \*2 (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Allen Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues

until the critical issue is resolved."); *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003) (holding that a stay is appropriate if "resolution of a preliminary motion may dispose of the entire action").

Finally, the factors to be applied by the Court in determining the propriety of a stay are: (1) Plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to Plaintiffs resulting from a delay; (2) the burden on the Defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest.  *String Cheese Incident, LLC*, 2006 WL 894955 at *2.

### 1.  Plaintiffs' Interests

This litigation does not differ substantially from other civil litigation.  Plaintiffs' stated interests in needing to immediately proceed with this lawsuit are largely conclusory.  First, the allegations underlying this lawsuit date back to 2013.  *Compl.* [#1].  The delay in filing this lawsuit coupled with Plaintiffs' requests for extensions of time belie the need for immediate discovery.  *See, e.g.*, *Order* [#24].  Second, Plaintiffs make conclusory statements about the effect Defendants' merger will have on discovery.  *Response* [#27] at 4.  There appears to be no connection between that merger and Plaintiffs' allegations in the Complaint, and there is no demonstration that witnesses will become unavailable. Third, Plaintiffs assert a conclusory argument about the need for discovery regarding the jurisdictional issue.  *Id.* at 5-6.  Without specifically identifying the discovery needed, this argument does not weigh in Plaintiffs' favor.  Because Plaintiffs have not identified with specificity any substantial interests in proceeding immediately with discovery, this factor is neutral.

### 2.  Defendants' Burden

This issue concerns whether Defendants will be unfairly burdened if discovery

proceeds before rulings are issued on the pending dispositive motions.  *See, e.g., String Cheese Incident, LLC*, 2006 WL 894955 at *2 ("defendants, however, also would undoubtedly be prejudiced if they were forced to engage in discovery if the court eventually granted their motion to dismiss").  The Court is not inclined to prejudge the merits of the dispositive motions here; however, the Court recognizes that proceeding with discovery would be wasteful should the Motions to Dismiss be granted, especially as they may dispose of the entire case.  The Court also notes that Plaintiffs seek discovery far beyond the presumptive limits, including 15 depositions, 100 interrogatories, 100 requests for production, and 100 requests for admission.  That amount of discovery at this stage of the case is unduly burdensome, especially for the Defendants who assert that this Court lacks personal jurisdiction over them.  Thus, this factor weighs in favor of imposing a stay.

### 3.  Convenience to the Court

Entry of a stay may cause significant delay of the resolution of this matter, which in turn makes the Court's docket less predictable and less manageable.  Moreover, the District Judge discourages litigation strategy or conduct that results in delaying the progress of litigation, including the filing of motions for extensions of time, motions for continuances of hearings, and dispositive motions generally.  *See* WJM Practice Standards §§ II.D, III.D, III.E  (Dec. 1, 2014).  This factor weighs against the entry of a stay.

### 4.  Interest of Non-Parties

Defendants state that forty-eight of Plaintiffs' sixty-seven disclosed witnesses are non-parties, including Defendants' former employees, former and current independent sales representatives, physicians, employees of those physicians, and representatives of unrelated marketplace competitors.  *Reply* [#33] at 8.  This large number of disclosed witnesses will surely be inconvenienced by discovery that may ultimately be unnecessary

should the Motions to Dismiss be granted.  The Court finds that this factor weighs in favor of imposing a stay.

### 5.  The Public Interest

The public interest at stake here is the same interest underlying all lawsuits: that they be resolved as fairly and quickly as possible.  In light of the issues outlined above, the Court finds that considerations of fairness and timeliness will be advanced by imposition of a stay.  Hence, this factor weighs in favor of entry of a stay.

Application of the *String Cheese* factors, results in the conclusion that an imposition of a stay of discovery is justified in this case.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#21] is **GRANTED**.

IT IS FURTHER **ORDERED** that discovery in this matter is **STAYED** pending resolution of the Motions to Dismiss [#16, #18].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for April 6, 2015 at 9:30 a.m. is **VACATED**.  It shall be reset, if necessary, after resolution of the Motions to Dismiss [#16, #18].

Dated:  April 3, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge