IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03242-WJM-KLM

WARAD WEST LLC, and
ANTHONY CAFORIO,

    Plaintiffs,

v.

SORIN CRM USA INC.,
SORIN GROUP USA INC.,
SORIN GROUP ITALIA SRL, and
SORIN SPA,

    Defendants.

_____

### ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Joint Motion to Stay Discovery and Continue Scheduling Conference Pending Resolution of Motions to Dismiss First Amended Complaint** [#64][1] (the "Motion").  The parties ask the Court to stay discovery pending resolution of the Motions to Dismiss [#56, #57], filed October 5, 2015.  For the reasons stated below, the Motion [#64] is **GRANTED**.

This Court has long noted that the Federal Rules of Civil Procedure do not explicitly provide for a stay of proceedings in a lawsuit. *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006).  However, the Court has construed Fed. R. Civ. P. 26(c) to permit a stay of discovery "for good cause, to

---

[1] "[#64]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

protect a party from undue burden or expense," especially when dispositive motions are pending. *Id.* The party who seeks a stay of discovery has the burden of demonstrating good cause, and "cannot sustain that burden by offering simply conclusory statements." *Tr. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colorado Springs,* No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *4 (D. Colo. May 11, 2010). Generally, the Court requires a "particular and specific demonstration of fact" in support of a request for a stay. *Id.*; *see also Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011). In the context of ruling on a motion to stay, the Tenth Circuit Court of Appeals stated almost thirty years ago that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983). Hence, it has long been recognized that stays are generally disfavored in this district, although the decision to grant or deny them invokes the discretion of the Court under the circumstances at issue. *See, e.g., id.*

Precedent amply demonstrates that the Court has broad discretion to stay an action when a dispositive motion is pending. *String Cheese Incident, LLC,* 2006 WL 894955 at *2 (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Allen Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues

until the critical issue is resolved."); *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003) (holding that a stay is appropriate if "resolution of a preliminary motion may dispose of the entire action").

Finally, the factors to be applied by the Court in determining the propriety of a stay are: (1) Plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to Plaintiffs resulting from a delay; (2) the burden on the Defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest. *String Cheese Incident, LLC*, 2006 WL 894955 at *2.

### 1. Plaintiffs' Interests

Because Plaintiffs jointly move with Defendants for a stay to be imposed by the Court, Plaintiffs' interests are protected, and this factor weighs in favor of imposing a stay.

### 2. Defendants' Burden

This issue concerns whether Defendants will be unfairly burdened if discovery proceeds before rulings are issued on the pending dispositive motions. *See, e.g., String Cheese Incident, LLC*, 2006 WL 894955 at *2 ("defendants, however, also would undoubtedly be prejudiced if they were forced to engage in discovery if the court eventually granted their motion to dismiss"). The Court is not inclined to prejudge the merits of the dispositive motions here; however, the Court recognizes that proceeding with discovery would be wasteful should the Motions to Dismiss be granted, especially as they may dispose of the entire case. Thus, this factor weighs in favor of imposing a stay.

### 3. Convenience to the Court

Entry of a stay may cause significant delay of the resolution of this matter, which in turn makes the Court's docket less predictable and less manageable. Moreover, the District Judge discourages litigation strategy or conduct that results in delaying the progress

of litigation, including the filing of motions for extensions of time, motions for continuances of hearings, and dispositive motions generally. See WJM Practice Standards §§ II.D, III.D, III.E (Dec. 1, 2014). This factor weighs against the entry of a stay.

**4. Interest of Non-Parties**

The parties do not identify any specific non-parties with significant particularized interests in this matter. The Court finds that this factor is neutral.

**5. The Public Interest**

The public interest at stake here is the same interest underlying all lawsuits: that they be resolved as fairly and quickly as possible. In light of the issues outlined above, the Court finds that considerations of fairness and timeliness will be advanced by imposition of a stay. Hence, this factor weighs in favor of entry of a stay.

Application of the *String Cheese* factors, results in the conclusion that an imposition of a stay of discovery is justified in this case. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#64] is **GRANTED**.

IT IS FURTHER **ORDERED** that discovery in this matter is **STAYED** pending resolution of the Motions to Dismiss [#56, #57].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for November 4, 2015 at 10:30 a.m. is **VACATED**. It shall be reset, if necessary, after resolution of the Motions to Dismiss [#56, #57].

Dated: October 29, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge