IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 14-cv-3242-WJM-KLM

WARAD WEST, LLC, and
ANTHONY CAFORIO,

    Plaintiffs,

v.

SORIN CRM USA INC., and
SORIN GROUP USA, INC.,

    Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING
PLAINTIFFS' MOTION FOR EXTENSION**

---

    Before the Court is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) or for Alternative Relief (ECF No. 73) and Plaintiffs' Motion for Extension of Five Additional Days to File Second Amended Complaint (ECF No. 74), to which Plaintiffs attach the proposed Second Amended Complaint (ECF No. 74-1).  It is difficult to understand how Plaintiffs' counsel, Mr. Brian Rayment, could fail to "clearly apprehend and calendar the Court's Order requiring the filing of the Second Amended Complaint within 10 days by March 31, 2016." (ECF No. 74 at 2.)  There was nothing to "apprehend" beyond an explicitly stated deadline.  The Court has little time or tolerance for such sloppy lawyering.

    Nonetheless, Mr. Rayment's carelessness is not, under these circumstances, grounds for involuntary dismissal.  The Court's recent order resolving Defendants' motions to dismiss (ECF No. 71) sustained Plaintiffs' causes of action for breach of

contract and, in part, defamation, and the Court's reasoning would have applied equally well to the First Amended Complaint.  However, Plaintiffs had a pending motion for leave to file a Second Amended Complaint, and the Court granted it as a vehicle of convenience to place on the docket a complaint containing only the remaining causes of action.  Absent that pending motion for leave to amend, this matter would have proceeded on the First Amended Complaint, as narrowed by this Court's order.  Thus, Mr. Rayment's failure to file the Second Amended Complaint by March 31, 2016, was substantively immaterial in these unique circumstances.

That said, Mr. Rayment's inattention to this matter is deeply troubling, and the Court will closely scrutinize any further requests for extension of time for any indication that they may be motivated by poor time management or inability to docket deadlines.

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) or for Alternative Relief (ECF No. 73) is DENIED;

2. Plaintiffs' Motion for Extension of Five Additional Days to File Second Amended Complaint (ECF No. 74) is GRANTED;

3. Plaintiffs' proposed Second Amended Complaint (ECF No. 74-1) is ACCEPTED as filed;

4. The Clerk shall file ECF No. 74-1 as its own docket entry titled "Second Amended Complaint"; and

5. Defendants' time to answer or otherwise plead to the Second Amended Complaint under the Federal Rules of Civil Procedure begins as of the date of this Order.

Dated this 6th day of April, 2016.

BY THE COURT:

William J. Martinez
United States District Judge